IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF GEORGIA

| | |
|---|---|
| JOHN W RIVES,<br><br>            Plaintiff,<br>v.<br><br>PETE BUTTIGIEG, SECRETARY<br>U.S. DEPARTMENT OF<br>TRANSPORTATION<br><br>            Defendants. | Civil Action No.<br><br><br>Jury Trial<br>Demand |

## COMPLAINT FOR DAMAGES, DECLARATORY AND EQUITABLE RELIEF

Plaintiff files this Complaint for Damages and Equitable Relief, and shows the Court as follows:

## INTRODUCTION

This is a case of employment discrimination based on non-selections, retaliation and hostile work environment. The U.S. Department of Transportation (hereafter "Department of Transportation" or "Defendant) discriminated against John W. Rives (hereafter "Mr. Rives," or "Plaintiff") because of his race (African American), age, and his participation in prior protected activity. Plaintiff seeks actual damages, declaratory, injunctive, equitable relief, compensatory damages, cost and reasonable attorney's fees.

## JURISDICTION

1

1.

This action is brought for discrimination, and hostile work environment pursuant to the Civil Rights Act of 1964 as amended and the Age Discrimination in Employment Act of 1967, as applied to the federal government and the interpretation of its statutes. The jurisdiction of this court is invoked to secure protection and redress deprivation of rights secured by federal law which prohibits discrimination against employees because of their disability.

2.

The jurisdiction of this Court is invoked pursuant to its original jurisdiction over cases and controversies arising under federal law, pursuant to 28 U.S.C. § 1331, and all prerequisites to bringing this suit have been met. This suit is properly before the court.

3.

Plaintiff timely an Equal Employment Opportunity (hereinafter "EEO") complaint on June 4, 2018. On April 25, 2019, the Agency issued a final decision which Plaintiff appealed. On April 28, 2021, the Agency issued Plaintiff the Right to File A Civil Action within 90 calendar days.  See Ex. A.

4.

Plaintiff has exhausted the federal administrative remedies, and timely brings this suit before the Court.

## VENUE

5.

This action properly lies in the United States District Court for the Northern District of Georgia, pursuant to 29 U.S.C. § 1391(b), because the claim arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practice was committed in this judicial district.

## PARTIES

6.

Mr. Rives is a full-time employee with the U.S. Department of Transportation – Federal Aviation Administration (FAA) located in Peachtree City, Georgia. Plaintiff works as a National Airspace Systems (NAS) Specialist in the TRACON Service Operations Center (A80-SOC). Mr. Rives is a resident of Clayton County, Georgia and is a citizen of the United States.

7.

The U.S. Department of Transportation, Federal Aviation Administration, is a federal government agency and has offices throughout the United States, including in Peachtree City, Georgia. The U.S. Department of Transportation, Federal Aviation Administration is an employer, engages in an industry affecting commerce, and, upon

information and belief, employs more than 500 regular employees.

## FACTS

8.

Plaintiff is a sixty-nine-year-old African American male and at all relevant times Plaintiff was in his mid to late-sixties.

9.

Plaintiff has been employed with the U.S. Department of Transportation, Federal Aviation Administration since 1988. Since 2006, Plaintiff has served as a National Airspace Systems (NAS) Specialist in the A80 SOC facility.

10.

In 2012 or 2013, Plaintiff participated in protected activity by testifying as a witness in an EEO complaint brought by his colleague against Responsible Management Official Joseph Stankosky.

11.

Plaintiff's first-line supervisor is A80 SOC, SSC Manager, Joseph Stankosky; Plaintiff's second-line supervisor is Technical Operations Manager, Jason Breeding

12.

Joseph Stankosky was aware or reasonably should have been aware of Plaintiff's prior EEO involvement because the complaint was against

Stankosky.

13.

On February 14, 2018, Plaintiff learned that he was not selected for the position of NAS Operations Manager under Vacancy Number ASO-AT0-18-8005-54868.

14.

Plaintiff contends that Stankosky changed the requirements for evaluating potential applicants. Which specifically, devalues credit for time served working at the A80 SOC of which Complainant has worked since 2006.

15.

Plaintiff further contends the change in requirement for evaluating applicants devalues credit for TCVEX certification.

16.

On February 21, 2019, Joseph Stankosky issued Plaintiff a letter of reprimand for alleged careless work.

17.

Plaintiff soon after filed a Complainant with the Office of Special Counsel for prohibited personnel practice (PPP) which the letter was ultimately rescinded.

18.

19.

On April 14, 2019, in rotation with other A80 SOC's, Plaintiff was assigned temporarily assigned National Airspace Systems Manager (NOM) for the midnight shift. This temporary assignment was set to last until July 12, 2019.

20.

On April 26, 2019, Air Traffic Operations Supervisor, Grant Gers approached a white A80 SOC, who had less than a year of training, regarding an error. When Plaintiff, as the National Airspace Systems Manager NOM, interjected to explain the situation, Gers walked away and later returned to continue speaking with the Caucasian A80 SOC.

21.

Plaintiff later remarked to the Caucasian A80 SOC, that Gers initially sought for explaining, that Gers' behavior was idiotic.

22.

In May 2019, Plaintiff's supervisors Joseph Stankosky and Jason Breeding called him into a meeting to discuss the incident with Grant Gers. But on May 29, 2019, Plaintiff was removed as the temporary National

Airspace Systems Manager (NOM).

23.

On July 22, 2019, Joseph Stankosky informed Plaintiff that he was not selected for the National Airspace Systems Manager NOM position he applied for on April 11, 2019. (Vacancy Announcement ASO-AT0-19-B101-61153). Instead, Plaintiff learned the selectee was a Caucasian candidate, with less experience, and significantly younger than the Plaintiff.

COUNT I
RACE DISCRIMINAITON IN VIOLATION OF TITLE VII OF
THE CIVIL RIGHTS ACT OF 1964

24.

Mr. Rives incorporates by reference the proceeding paragraphs as if fully reinstated herein.

25.

As an African American, Plaintiff is a member of a statutory protected class.

26.

Having served as A80 SOC National Airspace Specialist (NAS) since 2006, Plaintiff was qualified and met his employer's legitimate expectations during the times he was non-selected and when he was removed in his capacity as temporary NOM.

7

27.

Plaintiff was treated differently than others outside of his statutory protected class.

## COUNT II
## AGE DISCRIMINAITON IN VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967 (ADEA)

28.

Mr. Rives incorporates by reference the proceeding paragraphs as if fully reinstated herein.

29.

Plaintiff met the qualifications for the jobs he applied for in 2018 and 2019.

30.

In each occasion, Defendant choose candidates that were significantly younger than the Plaintiff.

## COUNT III
## RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

31.

Mr. Rives incorporates by reference the proceeding paragraphs as if fully reinstated herein.

32.

As set forth above, Plaintiff participated in statutory protected activity when he served as a witness in his colleagues 2012 or 2013 EEO complainant against Joseph Stankosky. Plaintiff further participated in EEO activity when he filed an EEO complaint against Stankosky in 2018.

33.

Stankosky knew or reasonably should have known of Plaintiff's protected activity because he was called to participate in the investigations for each Complainant.

34.

There exist a causal connection between Stankosky's knowledge of Plaintiff's prior EEO activity and the materially adverse activity in that the temporal proximity between Plaintiff's 2018 EEO claim, his February 2019 letter of reprimand, and his July 2019 non selection are close.

COUNT IV
HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

35.

Mr. Rives incorporates by reference the proceeding paragraphs as if fully reinstated herein.

36.

Evidenced by Plaintiff's prior EEO and Office of Special Counsel

Complaints, at no point did Plaintiff welcome being harassed or denied opportunities for advancement.

37.

That Plaintiff was repeatedly denied opportunities for advancement, removed from his temporary position of NOM, and issued an unwarranted letter of reprimand.

38.

Plaintiff contends the harassment he suffered was sufficiently pervasive to affect a term and condition of employment.

39.

Defendant knew of about the harassment Plaintiff endured because Management played a role in its facilitation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a TRIAL BY JURY and that the following relief be granted:

A. That this Court take jurisdiction of this matter and Plaintiff's 2019 EEO claim when a Right to File Civil Action is issued.

B. That the Court award lost compensation, economic benefits of employment in the amount determined by the trier of fact.

C. That the Court award Plaintiff the cost of litigation in this action and his reasonable attorney's fees.

D. That the Court grant Plaintiff the right to have a trial by the jury on all the issues triable to a jury; and

E. That the Court grant such additional relief as the Court deems proper and just.

Respectfully submitted on this 27th day of July 2021

Southworth PC

_____
Jesse L. Kelly
Georgia Bar No. 935869
Southworth P.C.
1100 Peachtree Street NE, Suite 200
Atlanta, GA 30309
Phone: (404) 585-8095
Fax: (404) 393-4129
jesse@southworthpc.com
Attorney for John W. Rives.